LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VICTOR GONZALEZ,
*on behalf of himself,*
*FLSA Collective Plaintiffs*              Case No:
*and the Class,*

                    Plaintiff,

                                          **CLASS AND**
                                          **COLLECTIVE**
                                          **ACTION COMPLAINT**

            v.

PB HUDSON LLC
d/b/a PIZZETTERIA BRUNETTI,
BRUNETTI PIZZA COMPANY, INC
d/b/a PIZZETTERIA BRUNETTI,
MICHAEL BRUNETTI,
and JASON BRUNETTI,

                    Defendants.

---

        Plaintiff, VICTOR GONZALEZ ("Plaintiff"), on behalf of himself and others similarly

situated, by and through his undersigned attorneys, hereby files this Class and Collective Action

Complaint against Defendants, PB HUDSON LLC d/b/a PIZZETTERIA BRUNETTI,

BRUNETTI PIZZA COMPANY, INC. d/b/a PIZZETTERIA BRUNETTI (the "Corporate

Defendants"), MICHAEL BRUNETTI and JASON BRUNETTI (the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, including those resulting from Defendants' unlawful deduction of a tip credit, (2) unpaid overtime, (3) compensation for unpaid off-the-clock work, (4) liquidated damages, and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, including those resulting from Defendants' unlawful deduction of a tip credit, (2) unpaid overtime premium, (3) compensation for unpaid off-the-clock work, (4) compensation for unlawfully retained tips, (5) unpaid spread of hours premium, (6) statutory penalties, (7) liquidated damages and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff, VICTOR GONZALEZ, for all relevant time periods, was a resident of New York County, New York.

6.    Defendants operate two pizza restaurants as a single integrated enterprise under the shared trade name "Pizzetteria Brunetti" at the following addresses:

> (a) Pizzetteria Brunetti West Village – 626 Hudson Street, New York, NY 10014; and
>
> (b) Pizzetteria Brunetti Westhampton Beach – 103 Main Street, Westhampton Beach, NY 11978.

(collectively the "Restaurants").

8.    The Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose:

(a)    The Restaurants are commonly owned and operated by the Individual Defendants, father and son MICHAEL BRUNETTI and JASON BRUNETTI.

(b)    The Restaurants are advertised jointly as a common enterprise on Defendants' website, www.brunettipizza.com, which also lists both of the Restaurants' locations and addresses.

(c)    Defendants' website provides the same e-mail address (info@brunettipizza.com) as the contact email address for both restaurants.

(d)    The Restaurants are advertised jointly on

(ii) Twitter (https://twitter.com/brunettipizza); and

(iii) Instagram (https://www.instagram.com/brunettipizza/).

(e)    The Restaurants share a common logo and similar menus, with many identical menu items.

(f)      The Restaurants share payroll methods and have a single, centralized system of labor relations for employees at both locations

(g)      Supplies are interchangeable amongst the Restaurant locations

(h)      Employees are interchangeable amongst the Restaurants' locations.

9.      Corporate Defendants:

(a)      PB HUDSON LLC d/b/a PIZZETTERIA BRUNETTI is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at c/o PB Hudson LLC, 47-07 41st St., Apartment 5F, Sunnyside, NY 11504. PB HUDSON LLC owns and operates Pizzetteria Brunetti West Village located at 626 Hudson St., New York, NY 10014.

(b)      BRUNETTI PIZZA COMPANY, INC. d/b/a PIZZETTERIA BRUNETTI is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at c/o Michael Brunetti, 48C Main Street, Westhampton Beach, NY 11978. BRUNETTI PIZZA COMPANY, INC. owns and operates Pizzetteria Brunetti Westhampton Beach located at 103 Main Street, Westhampton Beach, NY 11978.

10.      Individual Defendant, MICHAEL BRUNETTI is an owner and principal of all of the Corporate Defendants. Defendant MICHAEL BRUNETTI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. MICHAEL BRUNETTI frequently visited each of the restaurant locations. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs

and the Class. At all times, employees could complain to MICHAEL BRUNETTI directly regarding any of the terms of their employment, and MICHAEL BRUNETTI had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11.    Individual Defendant, JASON BRUNETTI is an owner and principal of the Corporate Defendants and the son of Defendant MICHAEL BRUNETTI. Defendant JASON BRUNETTI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. JASON BRUNETTI frequently visited each of the Restaurant locations. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to JASON BRUNETTI directly regarding any of the terms of their employment, and JASON BRUNETTI had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

12.    At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

14.    Although Plaintiff did not work at both of the Restaurants, both of the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described

above. Because the two Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class members for whom Plaintiffs seek to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to waiters, busboys, runners, servers, food preparers, dishwashers, bartenders and bar-backs employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at one and one half times their straight time base hourly rates for each hour worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Further, with respect to employees who were tipped employees (the "Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA, or to compensate FLSA Collective Plaintiffs at sub-minimum wage base hourly rates, because they failed to satisfy all statutory requirements for taking a tip credit. Plaintiff is a member of both the Class and the Tipped Subclass.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this

action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to waiters, busboys, runners, servers, food preparers, dishwashers, bartenders, delivery persons and bar-backs employed by Defendants on or after the date that is six years before the filing of the Complaint (the "Class Period").

19.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.    The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, servers, runners, delivery persons and busboys ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

21.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including (i) failing to pay overtime premium, (ii) failing to pay spread of hours, (iii) mandating unpaid off-the-clock work, (iv) unlawful tip retention, (v) failing to provide wage statements in compliance with the New York Labor Law, and (vi) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures. With respect to the Tipped Subclass, Defendants (i) unlawfully claimed a tip credit without satisfying all statutory requirements for taking a tip credit and (ii) unlawfully retained gratuities to which Tipped Subclass Members were entitled.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

f) Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law;

g) Whether Defendants established the tip payment structure for the Tipped Subclass members;

h) Whether Defendants took the proper amount of tip credit allowance under the New York Labor Law;

i) Whether Defendants required Tipped Subclass members to perform non-tipped duties exceeding twenty percent (20%) of each workday;

j) Whether Defendants established the tip payment structure for Class members without the agreement or consent of the Class members;

k) Whether Defendants mandated an unlawful tip-pooling scheme whereby Plaintiff and Class members were required to share tips earned with non-tipped employees;

l) Whether Defendants mandated an unlawful tip-pooling scheme whereby management illegally retained a portion of tips earned by Plaintiff and Class members;

i) Whether Defendants provided to Plaintiff and Class members proper wage and hour notices at date of hiring, per requirements of the New York Labor Law;

j) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;\

k) Whether Defendants paid the "spread of hours" premium owed to Plaintiff and Class members working more than ten hours per day as required by New York Labor Law;

l) Whether Defendants paid Plaintiff and Class members overtime premium at one and one half times their straight time base hourly rates for all hours wored in excess of forty (40) each workweek;

m) Whether Defendants required Plaintiff and Class members to perform unpaid off-tbe-clock work; and

l) Whether Defendants paid Plaintiff and Tipped Subclass members the federal and state minimum wage for all hours worked.

## STATEMENT OF FACTS

26.    In or around September 2014, Plaintiff VICTOR GONZALEZ was hired by Defendants to work as a busboy and food preparer at Pizzetteria Brunetti West Village. Plaintiff's employment by Defendants terminated in March 2017.

27.    During his employment by Defendants, Plaintiff's regular working hours each workweek were as follows:

    a.  **Monday**: 10 AM – 4 PM as a food preparer;

    b.  **Tuesday**: 10 AM – 4 PM as a food preparer and 4:30 PM – 11 PM as a busboy;

    c.  **Wednesday**: 10 AM – 4 PM as a food preparer and 4:30 PM – 11 PM as a busboy;

    d.  **Friday**: 9 AM – 3 PM as a food preparer and 3:30 PM – 12 AM as a busboy, and;

    e.  **Saturday**: 9 AM – 4 PM as a food preparer.

Pursuant to the schedule shown above, Plaintiff worked approximately 31 hours each week as a food preparer and approximately 21.5 hours each week as a busboy, for a combined total of approximately 51.5 hours each workweek. Similarly, FLSA Collective Plaintiffs and Class members also worked in excess of forty (40) hours each workweek.

28.    During his employment by Defendants, Plaintiff was paid at different hourly rates for those hours he worked as a food preparer and those hours he worked as a busboy:

    a.  **Food Preparer**: From approximately September 2014 until September 2015, Plaintiff was paid at a straight time base hourly rate of $12.00 per hour for all hours worked as a food preparer. Then, from approximately September 2015 until December 2016, he was paid at a straight time base hourly rate of $13.00 per hour for all hours worked as a food preparer. From approximately December 2016 until

March 2017, he was paid at a straight time base hourly rate of $14.00 per hour for all hours worked as a food preparer.

b.   **Busboy**: From approximately September 2014 until January 2016, Plaintiff was paid at the straight time base hourly rate of $5.00 per hour for all hours worked as a busboy. Then, from approximately January 2016 until March 2017, Plaintiff was paid at the straight time base hourly rate of $7.50 per hour for all hours worked as a busboy.

29.    At all relevant times, Plaintiff worked a combined total of more than forty (40) hours each workweek as a busboy and food preparer. However, Defendants never paid him overtime premium for those hours he worked in excess of forty (40) each workweek, whether at a blended rate or otherwise. Similarly, FLSA Collective Plaintiffs and Class Members were not paid their overtime premium for hours that they worked in excess of forty (40) each workweek.

30.    To avoid paying Plaintiff overtime, Defendants refused to combine the hours that Plaintiff worked across his two positions. Defendants would provide Plaintiff with two separate paychecks each week: one for the hours he worked as a busboy and a second for the hours he worked as a food preparer. One of the paychecks would be made out to Plaintiff and the other would be made out to a fake name. Because he did not work in excess of forty (40) hours each week either as a busboy or as a food preparer, Defendants refused to pay Plaintiff overtime, even though his total hours worked in both positions were in excess of forty (40) each workweek. Other employees suffered due to similar schemes.

31.    Throughout his employment by Defendants, Plaintiff was required to work shifts exceeding ten (10) hours in duration approximately three times per week, but never received any

spread of hours premium. Similarly, Class Members were frequently required to work shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium.

32.    Throughout his employment by Defendants, Defendants required Plaintiff to clock out for lunch for half an hour each workday, but mandated that he perform his regular duties without pay while off the clock at such times. This policy of required off-the-clock work resulted in approximately 2.5 unpaid off-the-clock hours per workweek. Similarly, FLSA Collective Plaintiffs and Class Members were required by Defendants to clock out for a half hour long lunch period each day, but were required to work without pay during this off the clock half-hour.

33.    During Plaintiff's employment by Defendants, for all those hours that he worked as a busboy, Defendants compensated Plaintiff at a "tip credit" minimum wage, which was at all relevant time below the prevailing federal and/or New York State minimum wages. Similarly, Tipped Subclass members were paid at sub-minimum wage "tip credit" base hourly rates. However, because Defendants failed to fulfill all requirements for a tip credit, all tip credits taken were invalid.

34.    Plaintiff and Tipped Subclass members did not receive notice that Defendants were claiming a tip credit on tipped employees' compensation.  They were never informed that Defendants were claiming a tip credit allowance. They also never received any notice on their wage statements of the amount of tip credit allowance taken for each payment period, or the hourly rate of tip credit deduction.

35.    Defendants failed to keep track of the daily amount in tips earned by Plaintiff and Tipped Subclass members. Defendants also failed to maintain proper employment records, as required by the FLSA and NYLL.

36.     Plaintiff and Tipped Subclass members were required to spend more than 20% of their working time, or more than two (2) hours per shift engaged in non-tipped activities. Specifically, Plaintiff, FLSA Collective Plaintiffs, and Tipped Subclass members were required to cut pizza pies, pick up plates, set up tables for the following customers, and clean and polish utensils for more than 20% of their working time, or more than two (2) hours per shift.

37.     Defendants always placed all tips earned by Tipped Subclass members into a tip pool held in care of the manager, Mariano [LNU]. Each workday, with Defendants' authority, Mariano [LNU] would pocket approximately 40% - 50% of the total amount in the tip pool for himself before distributing what was left to Tipped Subclass members. However, Mariano [LNU] was never entitled to share in the tip pool. To conceal this retention of tips from tipped employees, Defendants and Mariano [LNU] would never permit Plaintiff or Tipped Subclass members to view the tip sheet indicating the total amount of tips collected and explaining the tip pooling arrangement.

38.     Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

39.     Defendants provided Plaintiff with defective wage statements at all relevant times.  Plaintiff was provided two separate wage statements at the end of each workweek – one for the hours he worked as a food preparer and the other for the hours he worked as a busboy. The wage statements that Plaintiff received never correctly indicated his hours worked, or his multiple rates of pay across his two positions. Additionally, one of the wage statements Plaintiff received each period would always be under someone else's name. Class members also received defective wage statements that did not comply with the NYLL.

40.     Defendants failed to pay Plaintiff, FLSA Collective Plaintiffs and Class Members overtime at one and one half times their straight time base hourly rates, for each hour in excess of forty (40) worked each workweek.

41.     Defendants paid Plaintiff, FLSA Collective Plaintiffs and the Tipped Subclass at "tip credit" rates below the prevailing federal and New York State minimum wages.  However, Defendants were not entitled to claim any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period, or the hourly rate of tip credit deduction, in violation of the NYLL, (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday, or two (2) hours of each shift, in violation of the FLSA and NYLL, (iv) failed to track the amount of tips received daily in violation of NYLL, and (v) instituted a tip pool whereby the manager would retain tips earned by tipped employees, in violation of the FLSA and NYLL.

42.     Plaintiff, FLSA Collective Plaintiffs, and Class members had workdays that regularly exceeded ten (10) hours in length. However, Defendants never paid them spread of hours premiums due under the NYLL.

43.     Plaintiff, FLSA Collective Plaintiffs, and Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

44.     At no time during the relevant time periods did Defendants provide Plaintiff or Tipped Subclass Class members with wage notices or proper wage statements as required by

NYLL. Defendants also failed to disclose the hourly rate of tip credit taken, or the amount of tip credit claimed in each pay period on the wage statements provided to Tipped Subclass Members.

45.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

46.     Plaintiff realleges and reavers Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

48.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

49.      At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

50.     At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and Tipped Subclass members for all hours worked. As factually described above, Defendants were not entitled to claim any tip credits under the FLSA.

51.    At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

52.    Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

54.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

55.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime premium, and an equal amount as liquidated damages.

56.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND**

**CLASS MEMBERS**

57.     Plaintiff realleges and reavers Paragraphs 1 through 56 of this class and collective action Complaint as if fully set forth herein.

58.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

59.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.  As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

60.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them overtime compensation at the rate of not less that one and one-half times their straight time base hourly rates for each hour that they worked in excess of forty (40) each workweek.

61.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them spread of hours premiums required by state law;

62.     Defendants willfully violated Plaintiff and Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work;

63.     Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

64.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

65.     Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

66.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime

premium, unpaid spread of hours premium, compensation for unpaid off-the-clock hours worked, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action,.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of damages to Plaintiff, retroactive to the date of his discharge and prior, for all lost wages and benefits, past and future, back and front pay, resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

f. An award of unpaid spread of hours premium due under the New York Labor Law;

g.  An award of unpaid compensation due to Defendants' policy of requiring unpaid off-the-clock work under the New York Labor Law;

h.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

i.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime premium, pursuant to 29 U.S.C. § 216;

j.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime premium, wages for off-the-clock work, and spread of hours premium pursuant to the New York Labor Law;

k.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.  Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

m.  Designation of this action as a class action pursuant to F.R.C.P. 23;

n.  Designation of Plaintiff as Representatives of Class; and

o.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 20, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

By: */s/ C.K. Lee*
    C.K. Lee (CL 4086)